UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10786-GAO

DAVID M. ADAMS,
Petitioner,

v.

STEPHEN SPAULDING, Warden of Federal Medical Center Devens,
Respondent.

ORDER
March 15, 2021

O'TOOLE, S.D.J.

David M. Adams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody at the Federal Medical Center Devens ("FMC Devens") in light of the COVID-19 pandemic. The respondent has moved for dismissal of the petitioner's claims. The petitioner alleges that the living arrangements and prison conditions at FMC Devens expose him to the possibility of contracting COVID-19. He claims that the respondent custodian has been deliberately indifferent to his substantial risk of serious harm in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. His claim falls within the scope of 28 U.S.C. § 2241(c), which provides for issuance of a writ of habeas corpus for a person "in custody in violation of the Constitution" of the United States.

The respondent moves for dismissal on several grounds: (1) the petitioner's challenge to conditions of his confinement by a habeas petition under 28 U.S.C. § 2241 is improper; (2) the Prison Litigation Reform Act, 18 U.S.C. § 3626, precludes this petition; and (3) the petitioner has not and cannot establish that the respondent has been deliberately indifferent. The government's third argument is meritorious.

The petitioner has not sufficiently alleged facts that, if true, would establish that the respondent has been deliberately indifferent to the petitioner's condition of confinement as to amount to cruel and unusual punishment in violation of the Eighth Amendment. To succeed on such a claim, a petitioner "must satisfy both a subjective and objective inquiry: he must show first, 'that prison officials possessed a sufficiently culpable state of mind, namely one of "deliberate indifference" to an inmate's health or safety,' and second, that the deprivation alleged was 'objectively, sufficiently serious.'" Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (quoting Burrell v. Hampshire Cnty., 307 F.3d 1, 8 (1st Cir. 2002)).

It is apparent from the petitioner's submissions that his concern is about what harm he might experience in the future. He does make allegations about contemporaneous conditions at FMC Devens, but his pleadings do not sufficiently allege that he is presently experiencing the harm that he fears. His allegations are therefore insufficient to state a plausible claim for habeas relief under a theory of violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

The petition thus is subject to dismissal because it fails to sufficiently allege a constitutional violation remediable under § 2241. The respondent's motion to dismiss the petition for that failure (dkt. no. 11) is GRANTED. The petition is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge